JUDGE HO

26 CV 05860

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

GWENDOLYN CLINTON,

Plaintiff,

v.

WALDORF ASTORIA EMPLOYER LLC d/b/a WALDORF ASTORIA NEW YORK,

Defendant.

----------------------------------------------------------------------x

Civil Action No.: _____

## COMPLAINT FOR DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT

### JURY TRIAL DEMANDED

## I. PRELIMINARY STATEMENT

1. This is an action for disability discrimination and failure to accommodate brought pursuant to the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. ("ADA").

2. Plaintiff Gwendolyn Clinton, a qualified individual with a disability, was denied a reasonable accommodation by Defendant Waldorf Astoria Employer LLC during the application process for the position of Residential Porter at the Waldorf Astoria New York.

3. Defendant failed to respond to Plaintiff's documented accommodation request and subsequently provided explanations regarding Plaintiff's rejection that Plaintiff alleges are inconsistent with the evidence produced during the EEOC investigation.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117, as this case arises under federal law.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant operates in this district and all events giving rise to this action occurred in this district.

## III. PARTIES

6. Plaintiff Gwendolyn Clinton is an individual residing at 29-59 Northern Boulevard, Apartment 56H, Long Island City, New York 11101.

7. Plaintiff has dyslexia, a learning disability that substantially limits major life activities including reading, writing, and navigating complex online systems.

8. Defendant Waldorf Astoria Employer LLC, doing business as Waldorf Astoria New York, is a limited liability company operating a hotel located at 301 Park Avenue, New York, New York 10022, and is managed by Hilton.

9. Defendant is an employer within the meaning of the ADA, employing more than 15 employees.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, New York District Office, Charge No. 520-2025-06769, alleging disability discrimination and failure to accommodate in violation of the ADA.

11. On April 14, 2026, the EEOC issued a Determination and Notice of Rights. Plaintiff received this notice on April 15, 2026.

12. This Complaint is filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. This action is therefore timely.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Disability

13. Plaintiff Gwendolyn Clinton has dyslexia, a recognized learning disability that substantially limits major life activities including reading, writing, learning, and navigating complex online application systems.

14. Plaintiff is otherwise qualified to perform the essential functions of the Residential Porter position with or without reasonable accommodation.

### B. The Job Posting

15. On June 2, 2025, Defendant posted a job opening for the position of Residential Porter at the Waldorf Astoria New York, requisition number HOT0BNXM.

16. The position required cleaning common areas, maintaining exterior and interior areas, collecting and sorting trash and recyclables, and assisting residents, guests, and team members as needed.

17. The position paid between $28.85 and $38.47 per hour.

## C. Plaintiff's Application

18. On June 27, 2025, Plaintiff submitted her application for the Residential Porter position through the Hilton Career Website.

19. Plaintiff met all six required qualifications for the position as confirmed by Defendant's own screening system.

20. Plaintiff also met two of nine asset qualifications, including having hotel porter experience and between two and five years of experience working in a luxury residential building.

## D. Plaintiff's Accommodation Request

21. On July 1, 2025 at 11:38 AM, Plaintiff sent an email to ADA_Recruiting@hilton.com, Defendant's designated ADA accommodations email address, requesting assistance navigating the online application process due to her dyslexia.

22. The subject line of the email read "Follow-Up on Application - Request for Support with Accommodations."

23. The email informed Defendant of Plaintiff's dyslexia and requested support and accommodation in connection with the application process, including assistance navigating online systems and information on whether accommodations were available.

24. Plaintiff has email delivery confirmation showing the email was successfully delivered to ADA_Recruiting@hilton.com on July 1, 2025 at 11:38 AM with zero seconds delivery delay.

25. Defendant's own Team Member Handbook, which constitutes company policy, explicitly states that Defendant provides accommodations "to apply for employment" and "to participate in the interview process."

26. Defendant never responded to Plaintiff's accommodation request.

27. Had Defendant engaged in the interactive process after receiving Plaintiff's accommodation request, Plaintiff would have had an opportunity to explain the limitations caused by her dyslexia and obtain assistance necessary to participate fully in the application process. Because the position had not yet been filled and no offer had been extended to the selected candidate, Plaintiff remained a viable candidate at the time Defendant received notice of her disability and accommodation request.

28. A response to Plaintiff's accommodation request could have directly affected her candidacy and participation in the application process, as the selection decision had not yet been finalized at the time Defendant received her request.

**E. Plaintiff's Rejection**

29. On July 1, 2025 at 5:20 PM, just five hours and forty-two minutes after Plaintiff's accommodation request was delivered, Plaintiff received an automated rejection email from Recruitment@hr.hilton.com.

30. Plaintiff received no response to her accommodation request before, during, or after her rejection.

31. Defendant's recruiter Julie Saliba recorded in Defendant's internal applicant tracking system that Plaintiff was rejected because she "does not meet the basic qualifications for the role."

32. This stated reason is inconsistent with Defendant's own screening data, which shows Plaintiff met 6 out of 6 required qualifications for the position.

33. Defendant subsequently provided a materially different explanation to the EEOC, claiming Plaintiff was rejected because another candidate had stronger experience and qualifications.

34. These two inconsistent explanations - one indicating Plaintiff failed basic qualifications, the other indicating she was less qualified than another candidate - raise questions as to the actual basis for Defendant's rejection of Plaintiff's application.

**F. Defendant's Denial of Receiving Plaintiff's Accommodation Request**

35. During the EEOC investigation, Defendant represented that it had no record of Plaintiff's accommodation request email. This assertion is inconsistent with Plaintiff's email delivery records showing the request was successfully delivered to Defendant's designated ADA accommodations email address on July 1, 2025.

**G. The Position Remained Active After Plaintiff's Rejection**

36. Defendant did not extend a formal offer of employment to the selected candidate until July 7, 2025 - six days after Plaintiff's rejection on July 1, 2025.

37. This timeline calls into question Defendant's assertion that the selection decision had already been made at the time Defendant received Plaintiff's accommodation request.

38. The fact that the position remained open when Plaintiff's accommodation request was received means Defendant had both the notice and the opportunity to engage in the interactive process before making its final selection decision, and failed to do so.

**H. Damages**

39. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages including lost wages and benefits, having been denied employment at a rate of $28.85 to $38.47 per hour.

40. As a direct and proximate result of Defendant's unlawful conduct Plaintiff has suffered significant emotional distress including loss of self confidence and self worth, emotional distress and mental anguish, humiliation and demoralization resulting from being denied employment and having her accommodation request ignored, ongoing anxiety and difficulty sleeping, questioning of her professional abilities and capacity, and psychological harm that continues to affect her daily life and wellbeing.

41. Plaintiff has incurred and will incur costs and expenses in connection with this litigation.

## VI. CAUSES OF ACTION

### COUNT I - FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff is a qualified individual with a disability within the meaning of the ADA, having dyslexia which substantially limits major life activities including reading, writing, and navigating complex online systems.

44. Defendant is an employer covered by the ADA.

45. Plaintiff provided notice of her disability and requested a reasonable accommodation by emailing Defendant's designated ADA accommodations address on July 1, 2025, which was successfully delivered as confirmed by email delivery records.

46. Plaintiff's requested support and accommodation in connection with the application process was reasonable and would not have posed an undue hardship on Defendant.

47. Defendant failed to respond to Plaintiff's accommodation request and failed to engage in any interactive process to determine an appropriate accommodation.

48. Defendant rejected Plaintiff's application five hours and forty-two minutes after receiving her accommodation request without acknowledging or addressing it.

49. At the time Defendant received Plaintiff's accommodation request, the position had not yet been filled and no offer had been extended to the selected candidate. Defendant therefore had both the notice and the opportunity to engage in the interactive process before making its final selection decision.

50. Had Defendant engaged in the interactive process, Plaintiff would have had the opportunity to explain her limitations and obtain assistance necessary to fully participate in the application process, potentially affecting the outcome of her candidacy.

51. Defendant's failure to provide a reasonable accommodation violated the ADA.

## COUNT II - DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 as if fully set forth herein.

53. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

54. Plaintiff met all required qualifications for the Residential Porter position as confirmed by Defendant's own screening system.

55. Defendant took an adverse employment action against Plaintiff by rejecting her application.

56. The inconsistency between the recruiter's internal rejection notation stating Plaintiff did not meet basic qualifications and Defendant's own screening data confirming she met 6 out of 6 required qualifications, together with the inconsistency between the reason given internally and the reason provided to the EEOC, and Defendant's denial of having received Plaintiff's accommodation request despite delivery confirmation, raise questions about the true basis for Plaintiff's rejection.

57. The circumstances surrounding Plaintiff's rejection, including the timing of her rejection immediately following her accommodation request, the inconsistent explanations provided, and the fact that the final selection decision had not yet been made when Defendant received notice of Plaintiff's disability, support an inference that Plaintiff's disability was a motivating factor in Defendant's decision not to hire her.

58. Defendant's conduct constitutes unlawful disability discrimination in violation of the ADA.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff Gwendolyn Clinton respectfully requests that this Court:

a. Declare that Defendant's conduct violated the Americans with Disabilities Act;

b. Order Defendant to pay Plaintiff back pay and front pay for lost wages and benefits;

c. Order Defendant to pay Plaintiff compensatory damages for emotional distress, humiliation, and mental anguish;

d. Order Defendant to pay Plaintiff's costs and expenses of this litigation;

e. Grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Gwendolyn Clinton, Pro Se
29-59 Northern Boulevard, Apt 56H
Long Island City, New York 11101
clintongwendolyn28@gmail.com
808-753-8106    857-276-1392

Date: 07/10/2026

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

07|10|2026
**Dated**

*Gwendolyn Clinton*
**Plaintiff's Signature**

Gwendolyn                    L.                    Clinton
**First Name**         **Middle Initial**         **Last Name**

2959 Northern Blvd    Apt 56H
**Street Address**

Long Island City          NY          11101
**County, City**              **State**          **Zip Code**

857-276-1392                    Clintongwendolyn28@gmail.com
**Telephone Number**              **Email Address (if available)**

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/14/2026

**To:** Ms. Gwendolyn Clinton
29-59 Northern Blvd 56H
Long Island City, NY 11101
Charge No: 520-2025-06769

EEOC Representative and email:  ANDREA REDDY
INVESTIGATOR
ANDREA.REDDY@EEOC.GOV

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-06769.

On behalf of the Commission,

Digitally Signed By:Arlean Nieto
04/14/2026

Arlean Nieto
Acting District Director

EEOC No. 520-2025-06769 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 520-2025-06769 |
| New York State Division Of Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Gwendolyn Clinton

Phone No.:    (808) 753-8106

Year of Birth:    1994

Mailing Address: 29-59 Northern Blvd 56H

Long Island City, NY 11101

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: WALDORF ASTORIA NEW YORK  61753

No. Employees, Members: 15 - 100 Employees

Phone No.: (972) 383-3925

Mailing Address: 301 PARK AVE

NEW YORK, NY 10022, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 07/01/2025

Latest: 07/03/2025

THE PARTICULARS ARE:

I applied for the Residential Porter position at Waldorf Astoria New York (Hilton) on June 27, 2025.

On July 1, I emailed the hiring team to request a reasonable accommodation due to my learning disability. I explained that I sometimes need assistance navigating online application systems and wanted to ensure my application was properly submitted. A few hours after sending that email, I received a rejection notice stating I was no longer under consideration. I was never contacted for an interview, and no questions were asked about my qualifications. The timing of the rejection immediately after disclosing my disability raises concerns that I was not given fair consideration and may have been rejected solely for requesting accommodations.

On July 3, I received an email of a new posting for the same position, further showing I was not being considered due to my disability.

I believe I was discriminated against based on my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

EEOC Form 5 (06/24)

Page 1 of 3